### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT PADUCAH
### CIVIL ACTION NO. 5:05CV-P15-R

**DEMETRICK S. ELLIS, SR.**                                              **PLAINTIFF**

**v.**

**DEPARTMENT OF CORRECTIONS,** *et al.*                          **DEFENDANTS**

### OPINION

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983").  Because the plaintiff failed to exhaust his administrative remedies prior to filing his complaint, the court will dismiss his action without prejudice.

### I.  SUMMARY OF FACTS AND CLAIMS

The plaintiff, Demetrick S. Ellis, Sr., is currently confined at the Kentucky State Penitentiary, and he filed this civil rights action claiming that the defendants have been deliberately indifferent to his serious medical needs.  He brings both individual and official capacity claims against Warden Glenn Haeberlin, Dr. Steve Hiland, Nurse Chanin Hiland, and Nurse John Wood.  He also sues the Kentucky Department of Corrections.

In his complaint, the plaintiff makes vague references to the fact that he has sought medical attention since 1997 for unidentified serious medical needs.  He accuses the defendants of not providing medical treatment notwithstanding the fact that they were made aware of his unidentified problems.  Elsewhere in his complaint, he describes experiencing pain around his face, jaws, and ear; a foul-smelling odor emanating from his mouth; and red flashes in his brain. It is unclear, however, whether these are the same "serious medical needs" identified earlier in his complaint.  He indicates that Dr. Hiland prescribed certain courses of medical treatment, but that he, the plaintiff, disagreed with the doctor's treatment plan.

With respect to available administrative remedies, the plaintiff indicates that he both did and did not pursue the institution's grievance mechanism.  (DN 1, Compl., p. 3).  He referred the court to the approximately 169 pages of documents he filed with his complaint; however, many of those documents pertain to a 1998 civil rights action alleging denial of medical treatment over which the undersigned presided.  *See Ellis v. Sapp*, 5:98CV-P93-R.  The grievances attached to his complaint were filed in connection with what he deems his "first lawsuit."

## II.  ANALYSIS

Under 42 U.S.C. § 1997e(a),[1] a prisoner is required to exhaust all available administrative remedies prior to instituting an action under § 1983 or any other federal law.  *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir. 2002); *Brown v. Toombs* 139 F.3d 1102 (6th Cir. 1998).  The primary purpose behind the exhaustion requirement is to give the state prison systems "an opportunity to handle prison grievances internally before recourse to the federal courts becomes available." *Thomas v. Woolum*, 337 F.3d 720, 725 (6th Cir. 2003).  Such may be the most efficient means of addressing a constitutional violation.  *Id.* at 726.  The inmate must pursue those remedies "as far as they exist" before it can be said that he complied with the "state prison's internal requirements." *Id.* at 725.  An inmate bears the burden of alleging and showing that he has exhausted his remedies.  *Brown,* 139 F.3d at 1104.  And, district courts are required to dismiss a complaint without prejudice where a prisoner fails to exhaust those remedies.  *Id.* at 1102.

---

[1]Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

2

To establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted and attach documentation demonstrating the administrative disposition of his claims. *Brown*, 139 F.3d at 1104. Should the prisoner not have the documentation to demonstrate exhaustion, he must describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert denied*, 531 U.S. 1040 (2000). Where the complaint fails to contain "particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Boyd v. Corr. Corp. of Am.,* 380 F.3d 989 (6th Cir. 2004) (citation omitted).

A prisoner may not raise his claims in informal complaints as he must follow the formal grievance process to properly exhaust all administrative remedies. *Freeman v. Francis,* 196 F.3d 641 (6th Cir. 1999). Moreover, a prisoner may not simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or it is futile for him to do so because his grievance is now time-barred under the regulation. *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied,* 522 U.S. 906 (1997). Even if an appeal is time-barred by the prison's administrative procedures, the inmate must still pursue the remedy for without doing so he does not give the state the opportunity to remedy the alleged wrong. *Thomas*, 337 F.3d at 727.

Should the authorities to whom an inmate has presented his grievance ignore his written plaint, he must proceed to the next level in the grievance process. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999). Finally, prior to initiating his action in federal court, a prisoner is

3

required to file a grievance against each person he ultimately seeks to sue.  *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001).[2]

The Kentucky Department of Corrections has a multi-step grievance mechanism in place to process inmate grievances.  The grievance process governing health care concerns is set forth in Policy Number 14.6 II(K) of the Corrections Policies and Procedures ("CPP").  After the inmate properly completes a grievance form, he must first attempt to resolve the grievance through the informal resolution process with the institutional chief medical authority.  If the matter cannot be resolved at the informal level, the inmate may make a formal request for a review by the Health Care Grievance Committee, which makes a recommendation.  If the inmate disagrees with the recommendation, he may appeal the decision to the Department of Corrections Medical Director's Office which forwards the appeal to the appropriate administrator.

Here, the plaintiff did not attempt to exhaust any available remedy with respect to claims raised in *this* case against *these* particular individuals.  The grievances he submitted to this court appear to be grievances filed in connection to another civil action.  Before seeking a remedy from this court as it relates to new claims, he must completely exhaust his remedies with respect

---

[2]The Sixth Circuit observed:

The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be §1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court.

*Curry,* 249 F.3d at 505.

to *each* claim advanced and as to *each* defendant named.  If he chooses to do so, he may initiate a new civil rights action after completing that process.  In the event that he files a new civil rights action arising out of this incident, he should keep in mind that a state official cannot be held liable merely because someone he or she supervises violated the inmate's federally protected rights.  Rather, he must show how that officer personally violated his rights.  Conclusory allegations of the officer's misconduct will result in dismissal of claims against that particular defendant.

The court will enter an order consistent with this memorandum opinion.

Date:

cc:     Plaintiff *pro se*
        4413.002